UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DARCO INTERNATIONAL CORPORATION,
a Florida corporation

   Plaintiff,

v.

MEDICAL IMAGING SOLUTIONS INTERNATIONAL,
COMPANY, a foreign corporation

   Defendant.
_____/

## COMPLAINT

Plaintiff, DARCO INTERNATIONAL CORPORATION ("DARCO" or "Plaintiff"), by and through the undersigned counsel, sues the Defendant, MEDICAL IMAGING SOLUTIONS INTERNATIONAL COMPANY ("MISI" or "Defendant") and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages and other relief against Defendant MISI.

2. Plaintiff, DARCO, is a Florida corporation.

3. Defendant, MISI, is a Michigan corporation doing business in Florida.

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1332 because there is complete diversity of citizenship between the Plaintiff and the Defendant, and the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant MISI pursuant to Florida's long-arm statute, Fla. Stat. §48.193(1)(a)1, §48.193(1)(a)7 and §48.193(2), because MISI

conducts business in Florida, breached an agreement in Florida, engages in substantial and not isolated activity within this state, and MISI has sufficient minimum contacts with the State of Florida such that the exercise of personal jurisdiction over MISI would not offend traditional notions of fair play and substantial justice.

6. Venue is proper for the United States District Court for the Southern District of Florida, Broward County, pursuant to 28 U.S.C. §1391(b)(2), because the acts or omissions giving rise to the claims detailed below, including, without limitation, the breach of an agreement, occurred within the Southern District of Florida.

7. All conditions precedent to the maintenance of this action have been performed by Plaintiff, have occurred, or have been waived by Defendant.

8. Plaintiff has agreed to pay the undersigned attorneys a reasonable attorneys' fee to prosecute this action.

**GENERAL ALLEGATIONS**

9. Plaintiff DARCO is in the business of importing medical equipment from its manufacturer in China.

10. Commencing approximately seven years ago, DARCO and MISI entered into a consulting agreement, whereby DARCO was engaged by MISI to provide guidance and expertise for MISI to establish itself as a seller of medical equipment. After approximately two years, the consulting agreement was complete, and MISI was able to commence its business of supplying medical equipment to various customers.

11. Thereafter, DARCO and MISI transitioned from their consulting agreement to a purchase and sale of products agreement, whereby DARCO would sell (and handle sales logistics), and MISI would purchase, medical equipment (the "Agreement") pursuant to purchase

orders sent by MISI to DARCO ("Purchase Order(s)").  The Purchase Orders provided, *inter alia*, the following material terms: i) Date of the Purchase Order; ii) Shipping Method and Shipping Location; iii) Payment Terms; iv) Departure Date from the Port of China, or other arrangements, as applicable; v) Part Number & Description of the Medical Supplies; and vi) Total Cost.

12. Upon receipt of each Purchase Order, DARCO would review the Purchase Order, verify that the production time and other terms were acceptable, and if the terms were acceptable and there were no further changes, DARCO would email MISI to confirm its acceptance of the Purchase Order and confirmation of the shipping date.

13. Once the medical equipment for each Purchase Order was available, DARCO would notify MISI to either arrange for pick up at DARCO's U.S. warehouse and/or DARCO would arrange shipping from the China factory, depending on the circumstances.

14. Thereafter, DARCO would send an Invoice to MISI ("Invoice(s)"). The Invoices tracked the payment terms set forth in the Purchase Orders, which required payment to be made from MISI according to the specific terms therein, unless otherwise agreed between DARCO and MISI.

15. On or around February 2021, MISI stopped paying DARCO the full amount due for each Invoice, and either failed to remit payment entirely, when such payment was due, or remitted only partial, insignificant payments toward the Invoices.

16. On or about July 22, 2021, DARCO sent MISI Statement No. 1078, via e-mail (and via overnight mail on July 23, 2021) ("Statement") detailing, among other items, the amount due to date under the pending Purchase Orders, less payments applied thereto, which amount, as of approximately July 21, 2021, totaled $437,852.44 ("Outstanding Balance"). The

Outstanding Balance includes, (through July 21, 2021), interest on the unpaid balance at 8% of $10,512.26, which MISI agreed to pay, together with warehouse storage fees of $1,579.33, that DARCO incurred in stopping delivery of the specially manufactured goods under Purchase Order # 54, (which goods contain MISI's logo and were manufactured to MISI's specifications) and storing and maintaining the care and custody of those goods following MISI's breach. The interest and warehouse storage fees shall continue to accrue. A copy of the Statement is attached and incorporated herewith as **Ex. A**.

17. Notwithstanding numerous communications and demands by DARCO to MISI, (which preceded the transmission of the afore-mentioned July 22, 2021 Statement) MISI has failed to pay the Outstanding Balance.

18. In response to DARCO's demands for payment, MISI has repeatedly responded that it was unable to pay the amount due on time; however, upon information and belief, MISI is factoring its accounts receivables, (for medical equipment it is selling to its customers), with Seacoast Bank ("Seacoast"), for the very same medical equipment it is receiving from DARCO.

19. However, upon information and belief, MISI is using the money it receives from its factor to pay other vendors for medical equipment or other products and/or other unidentified purposes.

20. It is obvious that MISI is purposely not paying DARCO for the Outstanding Balance on the medical equipment it received from DARCO. This fact is even more egregious in light of the fact that DARCO introduced MISI to Seacoast to assist with facilitating MISI's relationship with its factor.

## **COUNT I – BREACH**

21.     DARCO sues Defendant MISI and realleges and reavers Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22.     DARCO and MISI entered into the Agreement for the sale and purchase of medical equipment.

23.     MISI breached the Agreement by failing to pay the amount due under each Purchase Order, together with interest and warehouse fees, totaling the Outstanding Balance as of this date, pursuant to the Invoices and Statement sent by DARCO.

24 .    DARCO has been damaged as a result of MISI's material breach.

**WHEREFORE,** Plaintiff, DARCO INTERNATIONAL CORPORATION, demands judgment against Defendant, MEDICAL IMAGING SOLUTIONS INTERNATIONAL COMPANY, for damages, interest, consequential and/or incidental damages, costs, and any further relief the Court may deem just and proper under the circumstances.

## **COUNT II – ACCOUNT STATED**

25.     DARCO sues Defendant MISI and realleges and reavers Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

26.     Before the institution of this action, DARCO and MISI had business transactions between them.

27.     On or about April 22, 2021, DARCO and MISI agreed to the resulting balance of $105,973.50 on Purchase Order #54, and the outstanding balance at that time of $402,902.94, for a total of $508,876.44, together with interest per annum at 8%. A copy of the April 22, 2021 email correspondence from MISI confirming the account stated is attached hereto as **Ex. B**.

28. MISI expressly or implicitly promised to pay the agreed upon amount of its account with DARCO.

29. MISI owes DARCO the agreed upon amount on its account, or $508,876.44, less any amounts paid by MISI (or credited to MISI) from April 22, 2021 through the present, that is due with interest on the account.

**WHEREFORE,** Plaintiff, DARCO INTERNATIONAL CORPORATION, demands judgment against Defendant, MEDICAL IMAGING SOLUTIONS INTERNATIONAL COMPANY, for damages, interest, costs, and any further relief the Court may deem just and proper under the circumstances.

## COUNT III – OPEN ACCOUNT

30. DARCO sues Defendant MISI and realleges and reavers Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

31. A sale and purchase Agreement existed between DARCO and MISI, resulting in a series of transactions.

32. The amount claimed by DARCO pursuant to the Statement attached hereto as **Ex. A** represents the agreed upon sales price pursuant to the Purchase Orders and/or the reasonable value of the goods delivered to MISI.

33. MISI owes DARCO $437,852.44, that is due with interest that continues to accrue, according to the attached account, which is reflected on the Statement attached hereto as **Ex. A**.

**WHEREFORE,** Plaintiff, DARCO INTERNATIONAL CORPORATION, demands judgment against Defendant, MEDICAL IMAGING SOLUTIONS INTERNATIONAL

COMPANY, for damages, incidental and consequential damages, interest, costs, and any further relief the Court may deem just and proper under the circumstances.

## COUNT IV – UNJUST ENRICHMENT

34. DARCO sues Defendant MISI and realleges and reavers Paragraphs 1 through 20 of this Complaint as if fully set forth herein

35. DARCO has conferred a benefit on MISI by virtue of the medical equipment it provided to MISI.

36. MISI has knowledge of the benefit conferred by DARCO.

37. MISI has voluntarily accepted the benefit conferred by DARCO.

38. The circumstances are such that it would be inequitable for MISI to retain the benefit of the medical equipment that it received from DARCO without paying fair value for it.

39. Should DARCO be unable to recover in an action at law pursuant to other Counts of the Complaint, then DARCO is left without an adequate remedy at law.

**WHEREFORE,** Plaintiff, DARCO INTERNATIONAL CORPORATION, demands judgment against Defendant, MEDICAL IMAGING SOLUTIONS INTERNATIONAL COMPANY, for the reasonable value of the benefits supplied by DARCO to MISI that remain unpaid, together with interest, costs, and any further relief the Court may deem just and proper under the circumstances.

Dated this 23rd day of July, 2021

Respectfully submitted,

s/ Adam J. Steinberg
Adam J. Steinberg (Florida Bar No.:389579)
Attorney E-mail Address: adam@adamsteinberglaw.com
Attorney for Plaintiff
LAW OFFICES OF ADAM J. STEINBERG, P.A.
200 S. Andrews Avenue, Suite 903
Fort Lauderdale, FL 33301
Telephone:	(954) 548-3357
Facsimile:	(888) 222-4192